

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| JERRY BRICE ROOF, JR., <br> Plaintiff, <br> <br> vs. <br> <br> MARTIN O'MALLEY, *Commissioner of the Social Security Administration*, <br> Defendant. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | <br> <br> <br> Civil Action 5:23-cv-02180-MGL <br> |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND REVERSING AND REMANDING DEFENDANT'S DECISION
FOR FURTHER, EXPEDITED ACTION**

This is a Social Security appeal in which Plaintiff Jerry Brice Roof, Jr. (Roof) seeks judicial review of the final decision of Defendant Martin O'Malley (O'Malley) denying his claims for disability insurance benefits under the Social Security Act.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting the Court reverse and remand O'Malley's decision for further, expedited action. She further recommends the Court direct the Social Security Administration (the Agency) to issue a decision by an Administrative Law Judge (ALJ) within ninety days and a final Agency decision within 120 days. The Report was made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de

novo determination of those portions of the Report to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).  The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b).

The Magistrate Judge filed the Report on May 10, 2024.  Both parties failed to file any objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).  Moreover, a failure to object waives appellate review.  *Wright v. Collins*, 766 F.2d 841, 845–46 (4th Cir. 1985).

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report and incorporates it herein.  Therefore, it is the judgment of the Court O'Malley's decision is **REVERSED** and **REMANDED** for further, expedited action.  The Agency shall issue a decision by an ALJ within **ninety days** and a final Agency decision within **120 days**.  Finally, should Roof need to further appeal this matter to this Court, he should designate that case as related to this one on the Civil Cover Sheet.

**IT IS SO ORDERED**.

Signed this 30th day of May 2024, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE
